**Juan Francisco MELENDEZ–URQUIZA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–72066.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Dec. 21, 2012.

Jan Joseph Bejar, Esquire, Nicole Antoinette Leon, Esquire, Law Offices of Jan Joseph Bejar a Professional Law Corporation, San Diego, CA, for Petitioner.

OIL, Susan Bennett Green, Trial, Janice Kay Redfern, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM **

Juan Francisco Melendez–Urquiza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of con-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

stitutional violations and questions of law, *Khan v. Holder,* 584 F.3d 773, 776 (9th Cir.2009), and we deny the petition for review.

Contrary to Melendez–Urquiza's contention, the agency's interpretation of the hardship standard for cancellation of removal falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–06 (9th Cir. 2003). It follows that his due process claim fails. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (an alien must show error and substantial prejudice to prevail on a due process claim).

We reject Melendez–Urquiza's equal protection challenge. *See Dillingham v. INS,* 267 F.3d 996, 1007 (9th Cir.2001) ("In order to succeed on his [equal protection] challenge, the petitioner must establish that his treatment differed from that of similarly situated persons."), *overruled on other grounds by Nunez–Reyes v. Holder,* 646 F.3d 684 (9th Cir.2011).

Melendez–Urquiza's contention that the Attorney General exceeded his authority in promulgating 8 C.F.R. § 1240.26(i) is now foreclosed by *Garfias–Rodriguez v. Holder,* No. 09–72603, 702 F.3d 504, 2012 WL 5077137, at *16–20 (9th Cir. Oct.19, 2012) (en banc) (holding that the promulgation of 8 C.F.R. § 1240.26(i) was a proper exercise of the Attorney General's authority).

**PETITION FOR REVIEW DENIED.**